UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

TRUSTEES OF THE STRUCTURAL STEEL
and BRIDGE PAINTERS RETIREMENT FUND
and THE TRUSTEES of the STRUCTURAL STEEL and            08-CV-00586
BRIDGE PAINTERS ANNUITY FUND                            (Judge Pauley)

                            Plaintiffs,

                                                        **COMPLAINT**

                    -against-

BENJAMIN RAY COOPER
                                        Defendant.
-------------------------------------------------------------------------x

      Plaintiff, Trustees of the Structural Steel and Bridge Painters Retirement Fund and

the Trustees of the Structural Steel and Bridge Painters Annuity Fund, by their attorneys

Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC allege as follows:

### JURISDICTION AND VENUE

1.  This action is based on the provisions of Section 502(a)(3) and Section 515 of the

    Employee Retirement Income Security Act, as amended (hereinafter referred to as

    "ERISA") (29 U.S.C. Section 1132(a)(3).

2.  Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act

    (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C.

    Sections 1132(e)(1) and 1132(f)); and derivative jurisdiction is contained in 28

    U.S.C. Sections 1331.

3.  Venue properly lies in this District under the provisions of 502(e)(2) of ERISA

    (29 U.S.C. Section 1132(e)(2)) and 28 U.S.C. Section 1391(b).

4.  This action is brought by the respective Trustees of the Funds in their fiduciary capacities for monetary damages and other equitable relief under ERISA and for unjust enrichment for the wrongful retention of pension funds.

## PARTIES

5.  The Plaintiff Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)).  The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)).  The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145).  Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6.  The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between the Employer and the Union.  The Funds are authorized to collect pension contributions and Annuity contributions on behalf of the employees of the Employers, and the Plaintiff Trustees as fiduciaries of the Funds

are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the C.B.A. and Trust Indentures that concern the protection of employee benefit rights.

7. The Plaintiffs' principal office is located and administered at 40 West 27th Street, 10th Floor, New York, NY 10001, County of New York.

8. Upon information and belief, the defendant, Benjamin Cooper is a member of the Plaintiff Funds who resides in Riceville, TN.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

9. Upon information and belief on or about February 24, 2003, the Defendant received full distributions from the Plaintiff Funds as follows: $8,035.50 from the Retirement Fund and $26,883.38 from the Annuity Fund.

10. Upon information and belief on or about February, 2007, the Plaintiff Fund office discovered that neither the Defendant nor the Funds had set aside his ex-wife's share of his distributions as required by Qualified Domestic Relations Orders (QDROs).

11. On or about March 12, 2007 and July 17, 2007, prior counsel sent a letter to the Defendant which notified him of the overpayment totaling $34,918.88 and requested return of the $34,918.88.

12. On December 12, 2007 the defendant was sent additional letters by counsel herein by regular and certified mail advising him of the overpayments totaling $34,918.88 and requesting return of the overpayment to avoid litigation.

13. The Defendant failed to return the $34,918.88 overpayment.

14. The Plaintiff is a multi-employer plan and the lack of these funds and unnecessary costs incurred has injured the participants of the benefit plan.

15. Under the circumstances, it would be unequitable for the defendant to retain the pension and annuity benefits which are justly due to his ex-wife. The defendant would be unjustly enriched at the detriment of the fund if the benefits were not returned.

16. Accordingly, the Defendant is liable to the Plaintiff in the amount of $34,918.88 plus interest.

## AS AND FOR A SECOND CLAIM FOR RELIEF

17. Plaintiff repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "16" of this Complaint as if fully set forth at length herein.

18. Section 29 USCA 1132 (g)(1) provides the court in its discretion may allow reasonable attorneys fees and costs of an action.

19. The Defendant knowingly failed to return funds that were not intended for him.

20. The Plaintiff is a benefit fund and the costs incurred in recovering the benefits unjustly received should be recovered from the Defendant.

21. Accordingly, Defendant is liable to the Plaintiff for attorney's fees and costs.

**WHEREFORE**, Plaintiff respectfully pray for Judgment against Defendant,

BENJAMIN RAY COOPER as follows:

      a.  In the sum of $34,918.88
      b.  Attorney fees and costs pursuant to Section 29 USCA 1132 (g(1))
      c.  For such other and further relief as the court deems appropriate

Dated:  Hempstead, New York
          January 17, 2008

Respectfully submitted,

BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC

By:_____S/_____
          Danielle M. Carney (DMC 7471)
          Attorneys for Plaintiffs
          3 Surrey Lane
          Hempstead, NY  11550
          (516) 483-2990