UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
TRUSTEES OF THE STRUCTURAL STEEL and )
BRIDGE PAINTERS RETIREMENT FUND and )
THE TRUSTEES of the STRUCTURAL STEEL and )
BRIDGE PAINTERS ANNUITY FUND )
) 08-CV-00586 (Pauley)
)
                    Plaintiffs, ) **AFFIRMATION FOR**
) **JUDGMENT BY DEFAULT**
   -against- )
)
BENJAMIN RAY COOPER )
)
                    Defendant. )
-------------------------------------------------------

State of New York    :  ss:
County of Nassau     :

Danielle M. Carney, being duly sworn, says:

    1. I am a member of the Bar of this Court and am associated with the firm Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC, attorneys for plaintiff in the above-entitled action and I am familiar with all the facts and circumstances hereinafter set forth.

    2. I make this affidavit pursuant to section 55 of the Federal Rules of Civil Procedure in support of plaintiff's application for the entry of a default judgment against defendant.

    3. This is an action for an Order requiring the Defendant to pay contributions owed pursuant to audit and pursuant to a Collective Bargaining Agreement.

    4. Jurisdiction of the subject matter of this action is based on 29 U.S.C. Section 1132(e)(i).

    5. This action was commenced on January 23, 2008 by the filing of the summons and complaint. Annexed hereto and made a part hereof as "Exhibit A" is the Summons and Complaint. A copy of the Summons and Complaint was served on the defendant on

February 13, 2008 and proof of service by the process server was filed with this Court on February 27, 2008. Annexed hereto and made a part hereof as "Exhibit B" is the Affidavit of Service. The defendant has not answered the complaint and the time for the defendant to answer the complaint or otherwise move in regard to it has expired.

6. The complaint seeks replacement of distributions mistakenly made to the Defendant as follows: $8,035.50 – Retirement Fund; $26,883.38 – Annuity Fund.

7. Qualified Domestic Relations Orders were submitted to the Fund Office requiring a portion of the Defendant's retirement benefits to be allocated to his ex-wife. At the time the Defendant sought distribution, the Plaintiff released all the amounts to Defendant without taking into consideration the amounts rightfully owed to the Defendant's ex-wife. The Defendant herein refused to return the portion rightfully due his ex-wife. Attached hereto as Exhibit C and D respectively are a copy of the Qualified Domestic Relations Orders.

8. This action seeks judgment for $39,499.01 which includes the principal repayment in the amount of $34,918.88, interest in the amount of $2,095.13 (calculated at 6% of the principal amount owed), attorney fees in the amount of $2,000.00; and court costs and disbursements in the amount of $485.00 as shown by the Statement of Damages (annexed as Exhibit E), which is justly due and owing, and no part of which has been paid. Attached hereto as Exhibit F, is a copy of the process server bill in the amount of $135.00.

9. The disbursements sought to be taxed have been made in this action or will necessarily be made incurred herein.

10. Since this action is based on an audit and costs which are not "susceptible of mathematical computation", there is no need to prove the amount of damages at an inquest proceeding. <u>Muskin v. Ketchum, 2004 U.S. District, Lexis 20976 (SDNY 2004)</u>.

11. The Defendant is not an infant and to the best of the Plaintiff's knowledge, the Defendant is not an incompetent.

12. The attorney's fees are calculated as follows:

- Reviewed file and prepared Complaint — 3.5 hours
- Telephone conversation with Fund Office — .3 hours
- Sent Complaint out for service — .3 hours
- Filed Affidavit of Service — .3 hours
- Sent letter to Defendant re Court conference — .5 hours
- Prepared request for Default Judgment — 3.5 hours
- Out of State Judgment filing — 1.6 hours

Total: 10 hours

Total: 10 hours x $200 per hour=$2,000

**WHEREFORE**, plaintiff requests the entry of Default and the entry of the annexed Judgment against the defendant.

Dated: March 25, 2008

Danielle M. Carney (DMC7471)
BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC
Three Surrey Lane, Suite 200
Hempstead, NY 11550
(516) 483-2990

FILED
OCT 0 2 2002
ANTHONY J. GRAZIANO
JUDGE, SUPERIOR COURT

**CORNELIAN COMMUNITY COUNSELORS, INC.**
ATTORNEYS AT LAW
82 Sunset Road
Pompton Plains, NJ 07444
Tel:(973)839-0230/Fax:(973)839-8369
**ATTORNEY FOR PLAINTIFF**

JEANNIE COOPER
                    Plaintiff,

v.

BENJAMIN RAY COOPER
                    Defendant,

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION-FAMILY PART
COUNTY OF PASSAIC

DOCKET NO.: FM-16-001277-99

Civil Action

**QUALIFIED DOMESTICS RELATIONS ORDER**

**IT IS HEREBY ORDERED ADJUDGED AND DECREED** that this Order shall be incorporated into and shall become an integral part of the Decree of Divorce signed and entered by the Court in this Case on the 12th day of October 2000.

The Court having examined the pleadings and heard the evidence and argument of Counsel finds that all legal requirements have been satisfied and that this Court has jurisdiction of all parties and the subject matter of this cause and, the Court further finds that certain interests and rights under the Employee Fringe Benefit Trust Fund (the "Fund) of the Structural Steel and Bridge Painters of Greater New York, Local Union No. 806, IUPAT, AFL-CIO ("Local 806") is part of the estate of the parties and should be partitioned and paid out in accordance with this Order.

This Order is intended to constitute a Qualified Domestic Relations Order ("QDRO") as

set forth below under both State and Federal Laws, for all purposes, and to constitute a Qualified Domestic Relations Order in compliance with Section 414 (p) of the Internal Revenue Code 1986 and the Employee's Retirement Income Security Act of 1974 (ERISA), as amended by the Retirement Equity Act of 1984.

The Order is entered pursuant to the authority granted under N.J.S.A. 2A: 34-23.

The Court further finds and it is further ORDERED AND ADJUDGED as follows:

1. **Names, Addresses, Social Security Numbers of the Parties and Date of the Marriage.**

    a) Jeannie Cooper ("Alternate Payee") has the following date of birth, Social Security Number and current address:

    Date of Birth: February 23, 1949
    Social Security: ▉▉▉▉▉▉▉
    Address: 420 Clerihew Lane
    Pompton Lakes, New Jersey 07442

    b) Benjamin R. Cooper ("Participant"), has the following date of birth, Social Security Number and current address:

    Date of Birth: June 31, 1961
    Social Security: ▉▉▉▉▉▉▉
    Address: 9 Poplar Grove Terrace
    West Milford, New Jersey 07480

    c) The parties were married on December 15, 1988, in West Milford, New Jersey by Judge Koch.

2. **Plans covered by Order**

    a) Name of Plan: Structural Steel and Bridge Painters Annuity Plan

    b) Send Order and Correspondence to: Local 806 Fund, Plan Administrator
    40 West 27th Street, 10th Floor
    New York, NY 10001

3.   **Benefits Payable to the Alternate Payee.**

Assignment of the Marital Portion of the Fund Balance. IT is hereby Ordered that 50% of the Participant's account balance in the plan determined as of the Date of marriage, December 15, 1988, until October 12, 2000, the date of divorce, which totals $53,766.75, (fifty percent of which is $26,883.38), be paid to the Alternate Payee in a lump sum distribution, upon Participant's termination of employment on or after the earliest retirement age specified in the plan.

4.   **Death of Alternate Payee.** If the Alternate Payee dies and there is a balance credited to the Alternate Payee such balance shall be paid in a lump sum amount to the beneficiary designated by the Alternate Payee as soon as reasonably practicable after the date of death. If no valid designation of a beneficiary exists at the date of death for the alternate payee, the balance shall be paid as provided for in the plan.

5.   **Limitations.** This Order shall not be construed to require the Plan, the Plan Administrator, or any Plan Fiduciary to:

a)   make any payment or take action which is inconsistent with any federal law, rule, regulation, or applicable judicial decision;

b)   provide any type or form of benefit or option which is not otherwise provided under the terms of the Plan;

c)   provide total benefits having a greater actuarial value than would have been payable in absence of this Order; and

d)   pay benefits to the Alternate Payee that are required to be paid to another

3

Alternate Payee under another order previously determined to be a Qualified Domestic Relations Order.

6. **Additional Provisions:**

a. Service. A copy of this Order shall be served on the Plan Administrator.

b. If the terms of this Order and the terms of this Plan conflict, the terms of the Plan shall prevail.

c. The Plan Administrator shall be entitled to fully rely upon the terms of this Order and shall not be bound by the terms of any other Order or decree which has not been formerly served on the Plan Administrator.

d. The Plan Administrator and the Alternate Payee may modify, by written agreement any provision of this Order without further Court Approval if the change has no adverse effect on the participant.

e. The Plan Administrator may unilaterally modify any term of this Order to the extent necessary to comply with applicable law.

f. The Alternate Payee shall be responsible for keeping the Plan Administrator informed of the Alternate Payee's address.

g. All notices to be given or documents to be sent to the Plan Administrator shall be addressed as provided in Section 2 and shall not be deemed given to the Plan Administrator unless sent Certified Mail, Return Receipt Requested.

h. The Plan, the Plan Sponsor, the Plan Administrator, and the Plan fiduciaries shall not be responsible for any attorney's fees incurred by the Participant or the Alternate Payee in connection with this Order.

i. The Alternate Payee shall hold the Plan, the Plan Sponsor, the Plan Administrator,

and the Plan fiduciaries harmless from any liabilities (including attorney's fees) incurred in connection with any claims which are asserted because the Plan honors this Order.

SIGNED this 2 day of October, 2002

_____ J.S.C.

**CORNELIAN COMMUNITY COUNSELORS, INC.**
ATTORNEYS AT LAW
82 Sunset Road
Pompton Plains, NJ 07444
Tel:(973)839-0230/Fax:(973)839-8369
<u>ATTORNEY FOR PLAINTIFF</u>

**FILED**
OCT 02 2002

ANTHONY J. GRAZIANO
JUDGE, SUPERIOR COURT

| | |
|---|---|
| JEANNIE COOPER : | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, : | CHANCERY DIVISION-FAMILY PART |
| : | COUNTY OF PASSAIC |
| : | |
| : | DOCKET NO.: FM-16-001277-99 |
| v. : | Civil Action |
| : | |
| BENJAMIN RAY COOPER : | **QUALIFIED DOMESTICS** |
| Defendant, : | **RELATIONS ORDER** |

**IT IS HEREBY ORDERED ADJUDGED AND DECREED** that this Order shall be incorporated into and shall become an integral part of the Decree of Divorce signed and entered by the Court in this Case on the 12th day of October 2000.

The Court having examined the pleadings and heard the evidence and argument of Counsel finds that all legal requirements have been satisfied and that this Court has jurisdiction of all parties and the subject matter of this cause and, the Court further finds that certain interests and rights under the Employee Fringe Benefit Trust Fund (the "Fund) of the Structural Steel and Bridge Painters of Greater New York, Local Union No. 806, IUPAT, AFL-CIO ("Local 806") is part of the estate of the parties and should be partitioned and paid out in accordance with this Order.

This Order is intended to constitute a Qualified Domestic Relations Order ("QDRO") as

1

set forth below under both State and Federal Laws, for all purposes, and to constitute a Qualified Domestic Relations Order in compliance with Section 414(p) of the Internal Revenue Code 1986 and the Employee's Retirement Income Security Act of 1974 (ERISA), as amended by the Retirement Equity Act of 1984.

The Order is entered pursuant to the authority granted under N.J.S.A. 2A: 34-23.

The Court further finds and it is further ORDERED AND ADJUDGED as follows:

1. **Names, Addresses, Social Security Numbers of the Parties and Date of the Marriage.**

   a) Jeannie Cooper ("Alternate Payee") has the following date of birth, Social Security Number and current address:

   Date of Birth:     February 23, 1949
   Social Security:   ███████
   Address:           420 Clerihew Lane
                      Pompton Lakes, New Jersey 07442

   b) Benjamin R. Cooper ("Participant"), has the following date of birth, Social Security Number and current address:

   Date of Birth:     June 31, 1961
   Social Security:   ███████
   Address:           9 Poplar Grove Terrace
                      West Milford, New Jersey 07480

   c) The parties were married on December 15, 1988, in West Milford, New Jersey by Judge Koch.

2. **Plans covered by Order**

   a) Name of Plan:        Structural Steel and Bridge Painters Retirement Fund Annuity Plan

   b) Send Order and
      Correspondence to:   Local 806 Fund, Plan Administrator
                           40 West 27th Street, 10th Floor
                           New York, NY 10001

2

3.  **Benefits Payable to the Alternate Payee.**

Assignment of the Marital Portion of the Fund Balance. IT is hereby Ordered that 50% of the Participant's account balance in the plan determined as of the Date of marriage, December 15, 1988, until October 12, 2000, the date of divorce, which totals $16,071.00, (fifty percent of which is $8,035.50), be paid to the Alternate Payee in a lump sum distribution, upon Participant's termination of employment on or after the earliest retirement age specified in the plan.

4.  **Death of Alternate Payee.** If the Alternate Payee dies and there is a balance credited to the Alternate Payee such balance shall be paid in a lump sum amount to the beneficiary designated by the Alternate Payee as soon as reasonably practicable after the date of death. If no valid designation of a beneficiary exists at the date of death for the alternate payee, the balance shall be paid as provided for in the plan.

5.  **Limitations.** This Order shall not be construed to require the Plan, the Plan Administrator, or any Plan Fiduciary to;

a)  make any payment or take action which is inconsistent with any federal law, rule, regulation, or applicable judicial decision;

b)  provide any type or form of benefit or option which is not otherwise provided under the terms of the Plan;

c)  provide total benefits having a greater actuarial value than would have been payable in absence of this Order; and

d)  pay benefits to the Alternate Payee that are required to be paid to another

3

Alternate Payee under another order previously determined to be a Qualified Domestic Relations Order.

6.   **Additional Provisions:**

a.   Service.   A copy of this Order shall be served on the Plan Administrator.

b.   If the terms of this Order and the terms of this Plan conflict, the terms of the Plan shall prevail.

c.   The Plan Administrator shall be entitled to fully rely upon the terms of this Order and shall not be bound by the terms of any other Order or decree which has not been formerly served on the Plan Administrator.

d.   The Plan Administrator and the Alternate Payee may modify, by written agreement any provision of this Order without further Court Approval if the change has no adverse effect on the participant.

e.   The Plan Administrator may unilaterally modify any term of this Order to the extent necessary to comply with applicable law.

f.   The Alternate Payee shall be responsible for keeping the Plan Administrator informed of the Alternate Payee's address.

g.   All notices to be given or documents to be sent to the Plan Administrator shall be addressed as provided in Section 2 and shall not be deemed given to the Plan Administrator unless sent Certified Mail, Return Receipt Requested.

h.   The Plan, the Plan Sponsor, the Plan Administrator, and the Plan fiduciaries shall not be responsible for any attorney's fees incurred by the Participant or the Alternate Payee in connection with this Order.

i.   The Alternate Payee shall hold the Plan, the Plan Sponsor, the Plan Administrator,

and the Plan fiduciaries harmless from any liabilities (including attorney's fees) incurred in connection with any claims which are asserted because the Plan honors this Order.

SIGNED this 2nd day of Oct, 2002

_____ J.S.C.